```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION


HOWARD JERNIGAN, JR.,           §
a.k.a. JERRY WAYNE JERNIGAN,    §
TDCJ # 386229,                  §
                                §
            Plaintiff,          §
                                §
                                §
v.                              §    CIVIL ACTION NO. H-04-4672
                                §
DOUGLAS DRETKE, et al.,         §
                                §
            Defendants.         §
```

## MEMORANDUM AND ORDER

Howard Jernigan, Jr., a paraplegic inmate of the Texas Department of Criminal Justice, has filed a civil rights complaint concerning the conditions of his confinement at a unit where handicapped prisoners are assigned.[1]  This action will be dismissed as frivolous.

### I. Claims and Allegations

Jernigan claims that he and other handicapped inmates are subjected to dangerous conditions in violation of 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA).  He bases his argument on the perceived lack of space available for inmates like

---

[1] Prior to the present action, Jernigan filed two other complaints regarding his treatment as a disabled prisoner.  Both were dismissed as frivolous.  Jernigan v. Dretke, No. H-03-4889 (S.D. Tex. Nov. 26, 2003); Jernigan v. Cockrell, No. H-03-1502 (Sept. 4, 2003).

himself to maneuver their wheelchairs.  Specifically, he alleges that the cubicles which serve as the inmates' assigned living quarters at the TDCJ Pack Unit are too small for more than one inmate to enter or exit at a time.  Inmates in wheelchairs must squeeze by each other and often collide or argue who has the right of way.  He alleges that the collisions have often caused the inmates to bruise their hands.  Jernigan contends that such conditions have created hostility and depression among mobility impaired prisoners such as himself.

Jernigan further alleges that the bathrooms designated for handicapped inmates are too small to accommodate their special needs.  Moreover, there are limited handicapped facilities available which limits the inmates' ability to use them effectively.  As a result, inmates with special needs experience additional hygiene problems because they may occasionally soil themselves while negotiating the tight areas.

Jernigan also complains that there are exposed gas lines in the handicapped living quarters.  He contends that a fire could easily break out if a lighting strike occurred or if a suicidal inmate caused an eruption. According to Jernigan, the occupants of the handicapped area would be unable to escape if a fire or explosion occurred.  He argues that the confined pathways in the handicapped living areas would seriously impede any effort to leave the building.  Further, the emergency exit ramp is only six feet

long and extends into a grassy area outside which would limit further movement of those who left the building and would create a traffic jam among the inmates behind them. Jernigan concludes that such a predicament would result in needless deaths if a fire broke out.

Jernigan requests that the court order an inspection of the premises by federal inspectors. Upon a finding that the conditions are unsafe, Jernigan requests that the court order all inmates in wheelchairs be relocated from the Pack I Unit to another with better accommodations.

## II. Analysis

Jernigan has previously complained about the treatment he received while he was assigned to the TDCJ Jester III Unit, another facility dedicated to housing physically handicapped prisoners. Jernigan v. Dretke, No. H-03-4889 (S.D. Tex. Nov. 26, 2003); Jernigan v. Cockrell, No. H-03-1502 (Sept. 4, 2003). His complaints were dismissed after the court determined that Jernigan's essential needs were met. The court in H-03-4889 also found that Jernigan's complaint that his living quarters were dirty did not establish that he was denied basic sanitation. Id. at 6.

In the present action, Jernigan fails to assert any injury he has experienced due to the alleged deficiencies in his living areas. This alone would be grounds for a dismissal under 28 U.S.C.

3

§ 1915(e).  <u>Biliski v. Harborth</u>, 55 F.3d 160, 162 (5th Cir. 1995), <u>citing</u> <u>Hernandez v. Maxwell</u>, 905 F.2d 94, 95 (5th Cir. 1989). Apart from the absence of any actionable harm, Jernigan does not present any facts which show that he or any other inmate has been subjected to unconstitutional or illegal treatment.  In order to establish a constitutional violation regarding living conditions, a prisoner must present facts that demonstrate that he has been denied some basic need and that the responsible prison officials were aware of but ignored the need. <u>Harper v. Showers</u>, 174 F.3d 716, 720 (5th Cir. 1999).

Jernigan's facts indicate that his living quarters are cramped and uncomfortable.  Prisoners have a constitutional right to edible food, adequate shelter, essential health care services, and reasonable protection from physical harm; they are not entitled to be comfortable while they are incarcerated. <u>Wilson v. Seiter</u>, 111 S.Ct. 2321, 2324 (1991), <u>citing</u> <u>Rhodes v. Chapman</u>, 101 S.Ct. 2392, 2400 (1981).

Jernigan acknowledges that he has been placed in an area that has been adapted for handicapped prisoners.  The fact that the area might be crowded and occasionally difficult to navigate does not support an Eighth Amendment violation where there has been no indication that a serious injury has occurred. <u>Rhodes</u>, 101 S.Ct. at 2410 (concurring opinion).  At the most, Jernigan has only alleged that the wheelchair inmates have had to endure some

4

jostling that has resulted in short tempers and an occasional sore hand.  Such minor injuries and inconveniences are not actionable under section 1983.  42 U.S.C. § 1997e(e); Herman v. Holliday, 238 F.3d 660 (5th Cir. 2001).  See also Siglar v. Hightower, 112 F.3d 191, 193-94 (5th Cir. 1997) (prisoner's bruised ear, which lasted for three days, was de minimus injury which precluded recovery).

Nor does Jernigan's complaint regarding the restroom facilities support a claim.  The fact that inmates may occasionally soil themselves while attending to their bodily functions does not automatically mean that they have been subjected to inhumane conditions.  Davis v. Scott, 157 F.3d 1003, 1006 (5th Cir. 1998).  Such unfortunate incidents cannot be avoided at times but can be remedied by simply cleaning the affected area.  No constitutional violation is established unless there are facts that show that the inmates are not given an opportunity to clean themselves after having an accident.  See Bradley v. Puckett, 157 F.3d 1022 (5th Cir. 1998)(handicapped inmate stated claim by alleging that he was placed in close confinement and effectively prevented from showering for two months).  Jernigan does not allege that any inmate has had to endure a prolonged period of being dirty and has failed to establish that there is any legal basis to support his argument regarding hygiene.  Id. See also Vacca v. Scott, 119 Fed. Appx. 678, 2005 WL 102995 (5th Cir. Jan 19, 2005) (inmate who was

repeatedly denied access to bathroom failed to establish Eighth Amendment violation).

Jernigan alleges that his living area is a fire hazard because there are exposed gas lines and limited exits.  At the most, Jernigan has alleged a condition that may violate local fire codes.  The prison does not violate the Constitution if it fails to comply with all health and safety standards.  Sampson v. King, 693 F.2d 566, 569 (5th Cir. 1982).  Although the situation Jernigan describes is far from ideal, it is not so patently egregious or clearly dangerous that the prison officials could be found to be deliberately indifferent if they allowed it to continue.  See Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999).  No actual harm has been alleged, and Jernigan's speculative worries do not establish a claim.  See Babcock v. White, 102 F.3d 267, 271-72 (7th Cir. 1996) (plaintiff's fears that he would be attacked by other inmates, who were gang members at the plaintiff's unit of incarceration, did not establish a violation of plaintiff's rights where no attack occurred).

Jernigan's ADA claims have no basis because he has not alleged that he has been discriminated against due to his disability.  42 U.S.C. § 12132; Hall v. Thomas, 190 F.3d 693 (5th Cir. 1999).  There is no indication that any official deprived Jernigan of a benefit or the ability to participate in a program because he was in a wheelchair.  Id.  Jernigan's complaints concern what he

perceives to be substandard conditions at his place of incarceration. As has previously been determined, the alleged conditions are not actionable.

### III. Filing Fee

Jernigan has filed an Application to Proceed In Forma Pauperis. The motion (Docket Entry 3) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b), Jernigan is **ORDERED** to pay the entire filing fee as soon as funds become available. The TDCJ Inmate Trust Fund is **ORDERED** to deduct 20% of each deposit made to Jernigan's inmate trust account and forward the funds to the District Clerk on a regular basis, in compliance with 28 U.S.C. § 1915(b)(2), until the entire filing fee ($150.00) has been paid.

### IV. Conclusion

The court **ORDERS** the following:

1. This civil rights complaint filed by Howard Jernigan, a.k.a. Jerry Wayne Jernigan, TDCJ #386229, is **DISMISSED** as frivolous and malicious. 28 U.S.C. § 1915(e)(2).

2. Jernigan's Application to Proceed In Forma Pauperis (Docket Entry No. 3) is **GRANTED**.

3. The Texas Department of Criminal Justice - Institutional Division - Inmate Trust Fund is **ORDERED** to collect the filing fee and forward it to the court as provided in this Memorandum Opinion and Order.

4. The Clerk is directed to provide a copy of this Memorandum and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; the Inmate Trust Fund,

P.O. Box 629, Huntsville, Texas, 77342-0629, and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 29th day of April, 2005.

---

SIM LAKE
UNITED STATES DISTRICT JUDGE